UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TEKSYSTEMS, INC.,

        Plaintiff,

v.                                              Case No.: 6:21-cv-1011-WWB-DCI

ANDIAMO CONSULTING, LLC,
GABRIELLE PADRON, NELSON
LLOMPART, JULIEN WILSON-
DODARD, SKYLAR VARONE-
CHENARD, SHANE ZOBEL, NICOLE
CARLSON and TAVEY LAMB,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion for Summary Judgment (Doc. 59), Plaintiff's Opposition (Doc. 61), and Defendants' Reply (Doc. 62).

On June 14, 2021, Plaintiff filed a ten count Complaint (Doc. 1) against Defendants asserting claims for breach of contract (Counts I through VII) against its former employees, tortious interference (Count VIII) and unjust enrichment (Count IX) against their new employer, and violations of the Florida Uniform Trade Secrets Act ("**FUTSA**"), Fla. Stat. § 688.001 *et seq.*, and Defend Trade Secrets Act ("**DTSA**"), 18 U.S.C. § 1836 *et seq.*, against both. (Doc. 1 at 37–52). Defendants seeks summary judgment as to each claim. With respect to Count X, in its Opposition, Plaintiff noted that "it will agree to voluntarily dismiss Count X," and does not otherwise respond to Defendants' arguments under the FUTSA and DTSA. (Doc. 61 at 6 n.5). Accordingly, the Court deems Count X abandoned and will grant summary judgment in favor of Defendants as to Count X. *See*

*Powell v. Am. Remediation & Env't, Inc.*, 61 F. Supp. 3d 1244, 1252 n.9 (S.D. Ala. 2014) ("[W]here the non-moving party fails to address a particular claim asserted in the summary judgment motion but has responded to other claims made by the movant, the district court may properly consider the non-movant's default as intentional and therefore consider the claim abandoned.").

Turning to the remaining claims, Plaintiff invoked the jurisdiction of this Court pursuant to 18 U.S.C. § 1836(c), which expressly grants "district courts of the United States . . . original jurisdiction of civil actions brought under [the DTSA]." (Doc. 1 at 4). Although Plaintiff does not specify a basis for jurisdiction over its state law claims, this Court assumes that it is raising supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff failed to plead the diversity of the parties or the amount in controversy. (*See id.* at 3–5; *see also* Doc. 1-1 at 1 (invoking only federal question jurisdiction)). *See Mallet & Co. v. Lacayo*, 16 F.4th 364, 379 n.17 (3d Cir. 2021); *Ham-Let USA, Inc. v. Guthrie*, No. 3:18-cv-679, 2019 WL 4054967, at *1 (M.D. Ala. Aug. 27, 2019); *Core Labs. LP v. AmSpec, LLC*, No. 16-526, 2018 WL 9802071, at *2 (S.D. Ala. July 23, 2018). "When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018); *see also Jackson v. Corizon Health, Inc.*, No. 20-14737, 2022 WL 303288, at *7 (11th Cir. Feb. 2, 2022); *Handi-Van Inc. v. Broward Cnty.*, 445 F. App'x 165, 170 (11th Cir. 2011) (holding that the district court did not err in remanding state law claims to state court following dismissal or summary judgment on claims over which it had original jurisdiction). Thus, because the claim over which this Court has original jurisdiction—Count X—has been fully resolved and Plaintiff has not pleaded any other

basis for jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment (Doc. 59) is **GRANTED in part** as to Count X and **DENIED** in all other respects.
2. Counts I through IX of the Complaint (Doc. 1) are **DISMISSED without prejudice**.
3. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on April 19, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record